# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 9093 | **DATE** | August 5, 2003 |
| **CASE TITLE** | Delores Hamilton   v   Spraying Systems, Inc., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Hearing
(5) ☒ Status hearing set for 8/27/03, at 9:00 a.m.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)    ☐ General Rule 21    ☐ FRCP41(a)(1)    ☐ FRCP41(a)(2).
(10) ☒ [Other docket entry] Memorandum opinion and order entered., Accordingly, defendants' motion to dismiss count V is granted as to all defendants. Defendants' motion to dismiss count VI is granted with respect to defendant Spraying Systems only, and denied with respect to defendant Martinez.
(11) ☒ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | AUG 0 7 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 15 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| GDS | courtroom deputy's initials | 03 AUG -6 AM 9:24 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DELORES HAMILTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.  02 C 9093 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| SPRAYING SYSTEMS, INC., JOHN VACA, ) | |
| GENE WHISMAN, JIM KOTEK, and MARIO ) | |
| MARTINEZ, ) | |
| ) | |
| Defendants. ) | |

DOCKETED
AUG 0 7 2003

## MEMORANDUM OPINION AND ORDER

Plaintiff Delores Hamilton filed a six count complaint against defendants Spraying Systems Co. ("SSCo."), Jim Kotek ("Kotek"), and Mario Martinez ("Martinez"), alleging race and sex discrimination, retaliation, sex based wage discrimination, intentional infliction of emotional distress ("IIED"), and assault.[1] Defendants have moved pursuant to Fed.R.Civ.P. 12(b)(1) & (6) to dismiss counts V (IIED) and VI (assault), plaintiff's supplemental state claims for IIED against defendants SSCo., Kotek, and Martinez, and assault against defendants Martinez and SSCo. Defendants argue that the court lacks subject matter jurisdiction over the IIED and assault claims because the Illinois Human Rights Act ("IHRA") and the Illinois Workers' Compensation Act ("IWCA") preempt them. In the alternative, defendants maintain that plaintiff has failed to state a claim for assault or IIED. For the reasons stated below, defendants' motion to dismiss is granted in part and denied in part.

---

[1] Two additional SSCo. employees, John Vaca and Gene Whisman, were originally named as defendants in the instant suit. On June 20, 2003, however, the parties filed a joint stipulation to dismiss Vaca and Whisman with prejudice.

15

## FACTS

Plaintiff, an African American woman, is an employee of defendant SSCo., a company that manufactures spray nozzles and related accessories. Plaintiff was hired in January 1998 as a temporary manufacturing helper and was promoted in November of 2000 to set up/operator trainee. At that time she began working in department 04 where she allegedly experienced discriminatory behavior from her male co-workers.

From May 2001 through the present, plaintiff allegedly complained about lack of proper training on machines. Plaintiff further complained that defendant Whisman, the lead worker, would not help plaintiff solve problems with her machines, which allegedly caused her to have tension headaches and stress. Plaintiff also alleges that defendant Kotek, a lead man, on more than one occasion moved her toolbox and placed trash on top of it.

Plaintiff continued to complain about the discrimination aimed at her and was eventually transferred to department 06 in January 2002; however, the problems continued. Plaintiff was allegedly denied training opportunities necessary to develop her skills. Additionally, plaintiff alleges that similarly situated Caucasian and Hispanic males were paid more and given better training opportunities. Further, although plaintiff previously worked four to eighteen hours of overtime per week, she was also not allowed to work any overtime in department 06, which greatly reduced plaintiff's income. Moreover, plaintiff allegedly received negative performance evaluations, when she previously had favorable reviews.

Plaintiff allegedly continued to complain to Vaca, supervisor of department 06, and Don Fox ("Fox"), Vice President of defendant SSCo., about the discriminatory treatment from the male employees, but the situation did not improve. According to plaintiff, she was required to

run five machines while other employees worked fewer machines, and she was still denied the training she requested, which she needed to give her more career opportunities. Moreover, defendant Martinez allegedly would not train plaintiff on the two-ton Wasino machine, which kept plaintiff from being able to program it. Defendant Martinez had to program the machine for plaintiff, and on one occasion when plaintiff attempted to operate the machine, it crashed. Plaintiff allegedly feared for her safety from the crash because it could have caused metal parts to fly out of the machine. She quickly ran to the side of the machine and pressed the emergency stop. Plaintiff alleges that Martinez purposely caused the machine to malfunction when he programmed it.

Defendants assert that the IHRA preempts the court from exercising subject matter jurisdiction over plaintiff's state law claims of IIED and assault, and that plaintiff has failed to state a claim for these torts. Defendant SSCo. also states that the Illinois Workers Compensation Act ("IWCA"), under the doctrine of respondeat superior, bars plaintiff from bringing the IIED and assault claims against it.

## DISCUSSION

Defendants have moved to dismiss counts V and VI pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1) requires a claim be dismissed if the federal court lacks jurisdiction. *Newman v. Hansen & Hempel Co.*, 2002 WL 31455990 at *2 (N.D. Ill. Nov. 1, 2002). Plaintiff bears the burden to establish that the jurisdictional requirements exist. *Id.*

Defendants have also moved to dismiss counts V and VI pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. When a motion to dismiss for failure to state a claim is considered, the court accepts the allegations of the complaint as true and views the facts in the light most favorable to the plaintiff. *Travel All Over the World Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1428 (7th Cir. 1996). A complaint should not be dismissed for failure to state a claim unless there is no doubt that the plaintiff cannot prove a set of facts that would entitle her to relief based on her claim. *Pressalite Corp. v. Matsushita Electric Corp. of America*, 2003 WL 1811530, at *2 (N.D. Ill Apr. 4, 2003).

<u>IIED Claim</u>

The IHRA preempts all state law claims seeking redress for a 'civil rights violation' within the meaning of that statute. *Krocka v. City of Chicago*, 203 F.3d 507, 516 (7th Cir. 2000), quoting *Geise v. Phoenix Co. of Chicago, Inc.*, 159 Ill.2d 507 (Ill. 1994). *See also* 775 ILCS 5/8-111(C) ("Except as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than set forth in this Act."). The IHRA prohibits race-based and sex-based discrimination, 775 ILCS § 5/1-102(A), and includes unlawful discrimination affecting terms and conditions of employment within its definition of "civil rights violation." 775 ILCS 5/2-102(A).

Defendants state that the IIED claim is factually indistinguishable from the sex discrimination and race discrimination plaintiff alleges, making the IHRA preempt the claim. In support, defendants cite *Maksimovic v. Tsogalis*, 177 Ill. 2d 511, 517 (1997), which held, "Whether the circuit court may exercise jurisdiction over a tort claim depends upon whether the

4

tort claim is inextricably linked to a civil rights violation such that there is no independent basis for the action apart from the Act itself."

The plaintiff in *Maksimovic* brought claims of assault, battery, and false imprisonment against her former manager arising from allegations, among other things, that he: threatened to "give her a stiff one up the ass"; ordered her to perform oral sex on him; placed his hand under her shirt and grabbed her; and confined her in a walk-in cooler where he made sexual advances toward her. *Id.* at 515. The circuit court granted summary judgment to defendant, and the appellate court affirmed holding that the circuit court was without jurisdiction to adjudicate claims of assault, battery, and false imprisonment related to the plaintiff's allegations of sexual harassment. *Id.* The Illinois Supreme Court reversed noting that plaintiff's claims were "long-recognized tort actions which exist wholly separate and apart from a cause of action for sexual harassment under the [IHRA]." *Id.* at 517. Because the plaintiff in *Maksimovic* alleged the elements of the torts, "without reference to legal duties created by the Act, [the plaintiff] established a basis for imposing liability on the defendants independent of the Act." *Id.*

The question in the instant case, then, is whether the alleged elements of plaintiff's IIED claim reference the legal duties created by the IHRA. Plaintiff claims defendants' conduct, including lower wages, lack of training, placing trash on plaintiff's toolbox, and the alleged intentional incorrect programming of the Wasino machine, caused her to suffer from severe emotional distress, humiliation, degradation, physical symptoms therefrom, deterioration of health, medical expenses, and interference with family relationships. These incidents, standing alone, do not support an IIED claim. Rather, these actions are inextricably linked to plaintiff's

harassment claims because they were "extreme and outrageous"[2] (if at all) only to the extent they were motivated by gender-based or race-based animus. *See Krocka*, 203 F.3d at 517 (affirming the trial court's dismissal of an IIED claim because it was "inextricably linked to [plaintiff's] disability discrimination claim because [the comments] were only offensive to the extent that they referred to [plaintiff's] disability.").

Interestingly, both parties assume that plaintiff's claims for race and sex discrimination, if preempted, must be dismissed as to employer SSCo., as well as co-workers Martinez and Kotek. The plain text of the IHRA, however, contemplates that only sex discrimination and race discrimination by employers constitutes a "civil rights violation" under the Act. 775 ILCS 5/2-102(A). *Compare* 775 ILCS 5/2-102(D) (defining "civil rights violation" as encompassing sexual harassment by "any employer, employee, agent of any employer, employment agency, or labor organization."). This suggests, perhaps, that the IHRA does not compel dismissal of plaintiff's IIED claim against Martinez and Kotek. *See Krocka*, 203 F.3d at 516 ("IHRA preempts all state law claims seeking redress for a "civil rights violation" within the meaning of that statute."). This distinction is academic, however, because the court concludes in any event that, under the standards enunciated in footnote 2 above, plaintiff has failed to state a claim for IIED. *See, e.g., Harriston v. Chicago Tribune Co.*, 992 F.2d 697, 703 (7th Cir. 1993) (allegations that the plaintiff was not allowed to supervise white employees, reprimanded

---

[2]Under Illinois law the elements of a claim for IIED are: (1) the conduct involved must be "truly extreme and outrageous"; (2) the defendant must either intend the infliction of emotional distress or know that there is a high probability that his conduct will result in such distress; and (3) the conduct must in fact cause severe emotional distress. *Bennington v. Caterpillar, Inc.*, 275 F.3d 654, 660 (7th Cir. 2001), citing *McGrath v. Fahey*, 126 Ill. 2d 78 (1988).

without justification, forced out of a management position, excluded from office activities, and ignored when voicing safety concerns after her car was vandalized on company property failed to state a claim for IIED). Therefore, the court dismisses plaintiff's IIED claim as to all defendants.

Assault Claim

Defendants state that plaintiff's assault count should also be dismissed because, (1) it is preempted by the IHRA, and (2) it fails to state a claim. The court finds both of these arguments without merit.

Under Illinois law, an assault requires an "intentional unlawful offer of corporal injury by force, or force unlawfully directed under such circumstances as to create a well-founded fear of imminent peril, coupled with the apparent present ability to effectuate the attempt if not prevented." *Contreras v. Suncast Corp.*, 129 F.Supp.2d 1173, 1182 (N.D. Ill. 2001) (citations omitted). In the instant case, plaintiff alleges that Martinez, "intend[ing] to place plaintiff in fear of harmful physical contact," programmed the machine to crash. After the machine crashed, plaintiff allegedly "fear[ed] for her immediate safety, ran to the side of the machine, and pushed the emergency stop." In contrast to plaintiff's IIED claim, her assault claim is not preempted by the IHRA because she alleged that claim without reference to legal duties created by the Act. Further, these allegations certainly state a claim for assault under Fed.R.Civ.P 12(b)(6), especially in light of the liberal notice pleading standards under Fed.R.Civ.P. 8.

This leaves defendant SSCo.'s argument that the IWCA preempts plaintiff, under the doctrine of respondeat superior, from bringing the assault claim against it. *See Hunt-Golliday v.*

*Metropolitan Water Reclamation District of Greater Chicago*, 104 F.3d 1004, 1016 (7th Cir. 1997). To avoid preemption under the IWCA, plaintiff must prove one of the following: (1) the injury was not accidental; (2) the injury did not arise from her employment; (3) the injury was not received during the course of her employment; or (4) the injury is not compensable under the act. *Id.*, citing *Meerbrey v. Marshall Field and Co.*, 139 Ill.2d 455, 463 (1990). Based on plaintiff's allegations she cannot argue (2) through (4). With regard to (1), Illinois case law holds that when employees intentionally cause harm to another employee, it is still accidental when considering the employer if it was unexpected and unforeseen by the injured, unless the employer expressly authorized the employees to cause the harm. *Hunt-Golliday*, 104 F.3d at 1016. If the employer or the employer's alter ego inflicts the injury, the IWCA will not bar the cause of action against the employer. *Id.* at 1016-17.

Under Illinois law, when determining if a person is an alter ego of a company there are three factors to consider: (1) whether an individual is an officer, director, or holds an important management position; (2) whether the individual tortfeasor has an ownership interest in the defendant corporation; and (3) whether the individual has final decision making authority in that he speaks for the company. *Newman*, 2002 WL 31455990, at *5 (citations omitted).

Plaintiff alleges that Fox is vice president of defendant SSCo., and thus is the alter ego of SSCo. Notably, there is no allegation made that Fox has an interest in defendant SSCo., or has any authority to speak for the company. Even if Fox was found to be an alter ego for defendant SSCo., however, plaintiff never alleges that Fox personally assaulted plaintiff or authorized other employees to assault plaintiff.

Plaintiff additionally alleges that defendant Vaca, as a supervisor, did nothing to curtail the abuse she was subjected to from the other employees. Defendant Vaca, however, is not alleged to have been an alter ego of SSCo. or to have given Martinez or SSCo. authorization to commit an intentional tort. *Hunt-Golliday*, 104 F.3d at 1016. Accordingly, the IWCA preempts plaintiff from bringing a claim against defendant SSCo. for assault. Plaintiff's assault claim as to defendant SSCo. is therefore dismissed.

## CONCLUSION

For the reasons stated herein, defendants' motion to dismiss count V (IIED) is granted as to all defendants. Defendants' motion to dismiss count VI (assault) is granted with respect to defendant SSCo. only, and denied with respect to defendant Martinez. The parties are directed to appear for a status report on August 27, 2003, at 9:00 a.m.

**ENTER:** **August 5, 2003**

Robert W. Gettleman
United States District Judge